**FILED**

2021 Apr-28  PM 12:03
U.S. DISTRICT COURT
N.D. OF ALABAMA

Pro Se 7 (Rev. 10/16) Complaint for Employment Discrimination

# United States District Court

for the

## NORTHERN DISTRICT OF ALABAMA

2021 APR 28  A 10: 23

_Cory Shawn O'Neal_
*Plaintiff,*
*(Write your full name.  No more than one plaintiff may be named in a pro se complaint)*

v.

Case No.: 4-21-CV-W00-SGC
*(to be filled in by the Clerk's Office)*

JURY TRIAL ☐ Yes   ☐ No

_Pell City Board of Education_
*Defendant(s),*
*(Write the full name of each defendant who is being sued. If the names of all defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names)*

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

### I.   The Parties to This Complaint

**A.   The Plaintiff**

| | |
|---|---|
| Name | Cory O'Neal |
| Street Address | 803 Maple Village Court |
| City and County | Pell City, St. Clair |
| State and Zip Code | AL  35128 |
| Telephone Number | 205-753-0168 |
| E-mail Address *(if known)* | corysmusic_1999 @ yahoo.com |

☑  **Check here to receive electronic notice through the e-mail listed above. By checking this box, the undersigned consents to electronic service and waives the right to personal service by first class mail pursuant to Federal Rule of Civil Procedure 5(b)(2), except with regard to service of a summons and complaint. The Notice of Electronic Filing will allow one free look at the document, and any attached PDF may be printed and saved.**

4-28-2021
**Date**

**Participant Signature**

Page **1** of 7

Pro Se 7 (Rev. 10/16) Complaint for Employment Discrimination

## II.    Basis for Jurisdiction

### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | *Pell City Board of Education* |
| Job or Title *(if known)* | |
| Street Address | *3105 15th Ave. North* |
| City and County | *Pell City, St. Clair* |
| State and Zip Code | *AL 35128* |
| Telephone Number | *205-884-4440* |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

Name _____

Job or Title *(if known)* _____

Street Address _____

City and County _____

State and Zip Code _____

Telephone Number _____

E-mail Address *(if known)* _____

## C.    Place of Employment

The address at which I sought employment or was employed by the defendant(s) is:

Name _Pell City Board of Education_

Street Address _3105 15th Ave. North_

City and County _Pell City, St. Clair_

State and Zip Code _AL  35128_

Telephone Number _205-884-4440_

## II.    Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☑    Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐    Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note:    In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☐ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Other federal law *(specify the federal law)*:

_____

Relevant state law *(specify, if known)*:

_____

Relevant city or county law *(specify, if known)*:

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

☑ Failure to hire me

☐ Termination of my employment

☑ Failure to promote me

☐ Failure to accommodate my disability

☐ Unequal terms and conditions of my employment

☐ Retaliation

☐ Other acts *(specify)*: _____

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

Pro Se 7 (Rev. 10/16) Complaint for Employment Discrimination

B.  It is my best recollection that the alleged discriminatory acts occurred on date(s):

March 2018 2020

June 2018 2020

C.  I believe that defendant(s) *(check one)*:

☑  is/are still committing these acts against me

☐  is/are not still committing these acts against me

D.  Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

☑  race        Failed to hire due to race and promoted/hired a white Male > Female

☐  color

☐  gender/sex

☐  religion

☐  national origin

☐  age *(year of birth)*

*(only when asserting a claim of age discrimination)*

☐  disability or perceived disability *(specify disability)*

E.  The facts of my case are as follows. Attach additional pages if needed.

On two seperate times, I interviewed for promotion and was not hired. I felt it was race related because the system as a whole does not promote blacks or people of color, and in most cases, does not hire. The first incident they went outside the started process and hired someone that did not orginally apply. The second incident I was encouraged on more than one time to apply, and the hire a white female.

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

**IV.    Exhaustion of Federal Administrative Remedies**

A.    It is my best recollection that I filed a charge with the Equal Employment
Opportunity Commission or my Equal Employment Opportunity counselor
regarding the defendant's alleged discriminatory conduct on *(date)*: *July 22, 2020*

B.    The Equal Employment Opportunity Commission *(check one)*:

☐    has not issued a Notice of Right to Sue letter

☑    issued a Notice of Right to Sue letter, which I received on *(date)*: _____

*Jan. 28, 2021*

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal
Employment Opportunity Commission to this complaint.)*

C.    Only litigants alleging age discrimination must answer this question:

Since filing my charge of age discrimination with the Equal Employment
Opportunity Commission regarding the defendant's alleged discriminatory
conduct *(check one)*:

☐    60 days or more have elapsed

☐    less than 60 days have elapsed

**V.    Relief**

State briefly and precisely what damages or other relief the plaintiff asks the court to
order. Do not make legal arguments. Include any basis for claiming that the wrongs
alleged are continuing at the present time. Include the amounts of any actual damages
claimed for the acts alleged and the basis for these amounts. Include any punitive or
exemplary damages claimed, the amounts, and the reasons you claim you are entitled to
actual or punitive money damages.

*Ask the court to award damages in the amount of the yearly salary I would have received for the number of years I would have been in the positions. Ask that public apologies be made for the decisions not to hire.*

## VI.  Certification and Closing

Under Rule 11 of the Federal Rules of Civil Procedure, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.  For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of Signing:  _4-28-2021_

Signature of Plaintiff:  _____

Printed Name of Plaintiff:  _Cory Oneal_

### B.  For Attorneys

Date of Signing:  _____

Signature of Attorney:  _____

Printed Name of Attorney:  _____

Bar Number:  _____

Name of Law Firm:  _____

Street Address:  _____

State and Zip Code:  _____

Telephone Number:  _____

E-mail Address:  _____

EEOC Form 161 (11/2020)  **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

# DISMISSAL AND NOTICE OF RIGHTS

To: **Cory S. O'neal**
**803 Maple Village Court**
**Pell City, AL 35128**

From: **Birmingham District Office**
**Ridge Park Place**
**1130 22nd Street South**
**Birmingham, AL 35205**

|  | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) |

| EEOC Charge No. | EEOC Representative | Telephone No. |
| | **LASHAUNDA LOVE,** | |
| **420-2020-01963** | **Investigator** | **(205) 651-7039** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*for* James E. Love Sr    **JAN 2 8 2021**

Enclosures(s)      **BRADLEY A. ANDERSON,**     *(Date Issued)*
**District Director**

cc: **Pell City Board of Education**
c/o Anne Yuengert, Esq.
**Bradley Arant Boult Cummings, LLP**
**One Federal Place**
**1819 5th Avenue North**
**Birmingham, AL 35203**

**Cory O'neal**
c/o Gayle Gear, Esq.
**Gayle Gear, Esq. Attorney at Law**
**2229 Morris Avenue**
**Birmingham, AL 35203**

Enclosure with EEOC
Form 161 (11/2020)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS  --  Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),
the Genetic Information Nondiscrimination Act (GINA), or the Age
Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within
90 days of the date you *receive* this Notice**. Therefore, you should **keep a record of this date**. Once this 90-
day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to
consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope or
record of receipt, and tell him or her the date you received it. Furthermore, in order to avoid any question that you
did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was
*issued* to you** (as indicated where the Notice is signed) or the date of the postmark or record of receipt, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate
State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide
after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short
statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter
alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in
the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some
cases can be brought where relevant employment records are kept, where the employment would have been, or
where the respondent has its main office. If you have simple questions, you usually can get answers from the
office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or
make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS  --  Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back
pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For
example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit
before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA
suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above.
Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA
claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION  --  Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction
in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be
made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your
efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above,
because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE  --  All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any
questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to
inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide
your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files
are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge
file, **please make your review request within 6 months of this Notice.** (Before filing suit, any request should be
made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA | |
| | ☒ EEOC | 420-2020-01963 |

| null | | and EEOC |
|---|---|---|
| *State or local Agency, if any* | | |

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone | Year of Birth |
|---|---|---|
| DR. CORY S O'NEAL | (205) 525-5081 | |

| Street Address | City, State and ZIP Code |
|---|---|
| 803 MAPLE VILLAGE COURT,  PELL CITY, AL 35128 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| PELL CITY SCHOOL SYSTEM | 201 - 500 | (205) 884-4440 |

| Street Address | City, State and ZIP Code |
|---|---|
| 3105 15TH AVENUE NORTH,  PELL CITY,  AL 35125 | |

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☒ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN

☐ RETALIATION   ☐ AGE   ☐ DISABILITY   ☐ GENETIC INFORMATION

☐ OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE

Earliest: 03-06-2020    Latest: 06-22-2020

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I am a black-male who was hired as a teacher by the above-named employer in the fall of 1997. For the last 13-year's, I have been a principal. In October 2019, the principal of Pell City High School officially retired. Prior to that in September 2019, an interim principal was assigned (the intermediate school Principal). When the position was posted in October 2019, I applied. Hiring for this position was delayed until later in the school year. Meanwhile, an Assistant Superintendent position was posted in October or November of 2019. I applied for this position, and I interviewed for this position on December 6, 2019. I was interviewed by Dr. Robert Martin, Superintendent (white male), Dr. Myrus Strong, Student Services Coordinator (black male), Tanya Holcombe, Chief Schools Financial Officer (white female), and Holly Costello, Interim HS Principal (white female). I felt that I was well qualified since I was in the top 5 that interviewed for superintendent, and I have completed The University of Alabama Superintendents Academy. The superintendent called me a couple of days prior to the December 2019 board meeting to notify me that I had a good interview, but he was going to recommend Dr. Leah Stover (white female) for the position of Assistant Superintendent.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| Digitally signed by Cory O'neal on 07-22-2020 05:53 PM EDT | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 420-2020-01963 |

| null | and EEOC |
|---|---|
| State or local Agency, if any | |

I was interviewed on March 06, 2020, for the principal position at Pell City High School. During the interview, I was informed there were eight candidates being interviewed. Later, I learned that a ninth person, Dr. Danny Steele, a white male, was allowed to interview. According to a Daily Home newspaper article published on April 22, 2020, the Superintendent said that Steele came highly recommended and as part of the interview process Steele met with several teachers from the high school, all whom felt enthusiastic about him as a candidate. This opportunity was not offered to me. At the April 21, 2020 school board meeting, Dr. Steele was named as the successful applicant. I met with board member Tammy Williams on May 04, 2020, to discuss how I could move into a different position. She informed me that others said I have a bad attitude, I act like I have a chip on my shoulder, that I am sometimes not a team player, that I started power tripping after receiving my doctorate, that I need to learn how to lose with grace, I get mad if I do not get my way, I act spoiled, and that I needed to control my family on social media. That last comment was because my sister, who lives in her district, sent her a message expressing concern that I was not selected for the position of Superintendent back in the Fall. Also, in the conversation, she stated that she has an issue with someone saying things like that to her about another black person.

A new position was recently created (Director of School Improvement and Federal Programs) and I was encouraged to apply by the Superintendent on April 29, & June 17. Dr. Martin told me that he knew were I was trying to go in my career, and he felt like the central office experience was the piece I needed. So, I did apply, and I was interviewed on June 19, 2020. I was informed in person by the Superintendent on June 29, 2020 that I was not selected because the committee decided to move in another direction. The committee was comprised of five central office people: Dr. Robert Martin, Superintendent (white male), Dr. Leah Stover Assistant Superintendent (white female), Stacey Weaver, Special Ed. Coordinator (white female), Dr. Myrus Strong, Student Services Coordinator (black male), and Tanya Holcombe, Chief Schools Financial Officer (white female). He also stated that he was not accustomed to interviewing by committee, but he was told this is how it has always been done in Pell City. I told him that whomever he got his information from was wrong. This was a practice that started in the summer of 2019 when the system had an interim superintendent. I told him that the previous superintendents never interviewed by committee. It was their decision. At a called board meeting on June 30, a white female was selected. I again met with Mrs. Tammy Williams immediately after the called board meeting, and she said she was upset that I was not selected because in previous conversations with the Superintendent he had lead her to believe that I would be recommended for the position. She felt that someone had gotten to him because she actually thought with him being new to the position, he would give everyone a clean slate. She also said that since Dr. Martin was the superintendent, that he had the authority to override a committees decision if he wanted too. I am aware this school system has a history of not being fair to people of color in the hiring process.

I believe that I have been denied promotions based on my race, in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| Digitally signed by Cory O'neal on 07-22-2020 05:53 PM EDT | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)* |

# Dr. Cory S. O'Neal

803 Maple Village Court
Pell City, Alabama 35128
Phone: 205-525-5081 Cell: 205-753-0168
Email: corysmusic_1999@yahoo.com

November 22, 2020

Charging Party's Response to Respondent
Charge Number 420-2020-01963

On the outset, I would be remiss if I did not thank the Equal Employment Opportunity
Commission for allowing me an opportunity to respond to Pell City Board of Education's
submission in opposition to my EEOC charge of discrimination. For clarity, I will present
information related to each adverse employment action separately, although both were based
discriminatory actions that resulted in a loss of career leadership advancement in the school
district. (1) Principalship of Pell City High School and (2) Director of School Improvement and
Federal Programs.

Additionally, I also respectfully suggest as part of the EEOC investigation that a site
review be conducted to include interviews of former administrators and teachers. Such would
objectively reveal that PCBOE has a history of not promoting Blacks to administrative positions.
And such would also reveal that even when Blacks are promoted, these individuals are viewed as
mere "tokens" in an effort to mask systemic racism. Overt racism is also expressed by subtle
comments when Blacks seek promotional opportunities. Often ambitious Blacks are described
as arrogant and on a "power trip." A current Board member conveyed this comment to me on
several occasions. The following former employees would shed light on the experiences of
former employees who aspired to move up the leadership ranks within the system: Thelma Jones,
Veronica May, Yulanda O'Neal, and Kent Underwood.

## Principalship of Pell City High School

1. The official promotional process for the Principalship was abandoned after I was one of the eight finalists.

The PCBOE reviewed over 200-plus applications, and eight applicants were selected to interview. A key criterion was success in serving as a school principal or assistant principal. Eight hundred (800) applications were received. I was among the eight selected. All eight candidates were interviewed and rated by a committee. I had qualifications that far exceeded any of the other candidates interviewed (see attached Resume marked as Exhibit I). As shown in my resume; no other candidate compared on any measure.

- Years of service far exceeded the other candidates
- Doctoral Degree in Educational Administration
- Completed the University of Alabama's Superintendents' Academy
- Jacksonville State University Adjunct Faculty member in the Education Department
- Jacksonville State University Adjunct Faculty member in the Music Department
- Over fifteen years in administration in the Pell City School System
- No suspensions or demotions

After the deadline expired for receiving applications and after the finalists (eight in number) were selected from among the 800 applicants, the Selection Committee had concluded its efforts. Inexplicably, the PCBOE announced its decision to hire Dr. Danny Steele, who was not among the 8 finalists, nor was he among the 800 who had applied. Instead, the "selection committee" engaged in a separate interview process for Dr. Steel who is White and not among the competing candidates. In so doing, a candidate of one, Dr. Steele from outside of the school district was escorted into the Pell City educational community and introduced as a candidate for sole candidate for the position of Pell City High School. The PCBOE violated their own hiring process, designed to assure fairness and non-discrimination in the selection process. To reiterate: extraordinal provisions were made for this sole candidate were made especially for him and no others in the top eight finalists. Dr. Steele had the opportunity to meet with the faculty of Pell City High School, received publicity, and did not go through the rigorous process other

2

candidates went through. He was ushered in after the deadline and after the postings were exhausted. It is evident he had the job by meeting with the faculty of the school (see attached Newspaper Article marked as Exhibit II). I was not afforded the same opportunity to meet with students and teachers at the Pell City High School. For these reasons, the PCBOE's explanations are not worthy for belief.

Any reliance on "scores" elicited during the interview process is also not worthy of belief. The selection committee displayed inherent bias when confronted with the prospect of hiring the most qualified; that is the one the other 7 candidates could not match. The Committee was ignored the process they themselves established to select the best candidate. This departure alone proves that the interview process was tainted. My work within the system is already known. My leadership competence is already a proven fact and unparalleled. The scores given by the committee are not a true representation of my ability. The scores do not reflect who I am as a leader and my successes with the school system. The scores reflected their personal bias, not professional knowledge of how I lead. The scores do not reflect my academic experience that is not respected by any of them. The rejection from them showed before the interview, during, and after the interview. These score sheets could have been added for this process and did not reflect the notes they took from the interview or reflect my job skills and knowledge. I was enthusiastic and have much technical experience as I was the only school in the system during this pandemic to have a Virtual Awards Ceremony in May, a Virtual Open House in August for parents and students. According to the Child Nutrition Director, I was the only Principal to schedule virtual students' homerooms during this pandemic. My school did not have any error or alerts in setting up the new year. The technical side is that I understand and know the technical side of leading through this pandemic as I have sought out training for myself and my faculty in using and understanding Schoology. I am fluent in INow. I know how and have done student new year schedules, attendance reports, discipline, Early Warning, process PO's, enroll, withdraw, send and request records, community relations, make the school deposits, and more. If a member of my team is absent or can't perform their duty, I can do their duty so that the school continues to run efficiently. My knowledge and skills to create a positive climate/interaction necessary for the position were evident and were not fairly scored. My knowledge to create a positive climate could've been shown through the same opportunity to meet with the teachers of PCHS during my interview process; however, I was not afforded this opportunity.

3

Director of School Improvement and Federal Programs.

This was a new recently posted position. I was highly encouraged to apply for this position by the Superintendent, Dr. James Martin, III. on April 29, 2020, and on June 17, 2020. Dr. Martin expressed to me on both occasions that he knew where I was trying to go in my career, and he felt like the central office experience was the piece I needed. He has stated and continues to state openly in administrator meetings that I have great ideas and make great decisions. The superintendent is cognizant of my credentials and abilities as an administrator. This is why he ultimately reached out, recruited, and made sure that I had applied for this position. He made it a point to approach me on the two different occasions. The first occasion, he met with me after an administrators meeting, and the second occasion, he made trip to my office to speak with me directly. During the second meeting, he wanted to double check and make sure I had submitted my letter of interest. As stated already in the first position, any reliance on "scores" elicited during the interview process is also not worthy of belief. My work within the system is already known. My leadership competence is already a proven fact and unparalleled. The scores given by the committee are not a true representation of my ability. The scores do not reflect who I am as a leader and my successes with the school system. The scores reflected their personal bias, not professional knowledge of how I lead. The scores do not reflect my academic experience that is not respected by any of them. The rejection from them showed before the interview, during, and after the interview. These score sheets could have been added for this process and did not reflect the notes they took from the interview or reflect my job skills and knowledge. After the committee chose to recommend a white female from outside the system, the superintendent came back to speak with me a third time. The superintendent informed me the committee chose to move in another direction, and for this, he wanted to apologize. He also stated that he was not accustomed to interviewing by committee, but he was told this was how things had always been done in the system. The chosen candidate was approved at a called

4

board meeting on June 29, 2020. Immediately after the called board meeting, school board member (president), Tammy Williams, came immediately to visit with me. She stated, "I am upset that you were not selected because a previous conversation with the superintendent led me to believe that you would be recommended for the position." She stated she felt like someone has gotten to him because she actually thought with the Dr. Martin being new to the position, he would give everyone a clean slate and formulate his own opinion of people. She also said that since Dr. Martin was the superintendent, he had the authority to override a committee's decision if he wanted too. Again, this interview process was tainted with bias. My work within the system is already known. My leadership competence is already a proven fact and unparalleled. The scores given by the committee are not a true representation of my ability.

5

Exhibit I

# Dr. Cory S. O'Neal

**803 Maple Village Court, Pell City, Alabama 35128**
**Phone: 205-525-5081**
**Cell: 205-753-0168**
**Email:  corysmusic_1999@yahoo.com**

## Education:

| | | |
|---|---|---|
| Doctor of Education<br>The University of Alabama<br>Tuscaloosa, Alabama | Educational Administration | 2013 |
| Educational Specialist<br>Jacksonville State University<br>Jacksonville, Alabama | Educational Administration | 2005 |
| Master of Science<br>Jacksonville State University<br>Jacksonville, Alabama | Educational Administration | 1999 |
| Bachelor of Science<br>Alabama A & M University<br>Normal, Alabama | Music Education | 1996 |

## Certifications:

| | |
|---|---|
| Class AA | Educational Administrator<br>Grade Level P-12 |
| Class A | Educational Administrator<br>Grade Level P-12 |
| Class B | Elementary-Secondary<br>Grade Level P-12 |

6

**Professional Work Experience:**

| | |
|---|---|
| Adjunct Professor | 2017 - Present |
| Jacksonville State University | |
| Jacksonville, Alabama | |
| Dr. Thomas McCutcheon, Music Dept. Chairman | |
| & Dr. Kimberly Warfield, Assistant Professor, Instructional Leadership | |

Adjunct Professor                                                                                2017 - Present
Jacksonville State University
Jacksonville, Alabama
Dr. Thomas McCutcheon, Music Dept. Chairman
& Dr. Kimberly Warfield, Assistant Professor, Instructional Leadership

Principal                                                                                              2008 - Present
Duran Jr. High School, South
Pell City School System
Dr. James Martin, III. Superintendent/Supervisor

Assistant Principal                                                                             2006 - 2008
Duran Jr. High School, North
Pell City School System
Dr. Tony Dowdy, Supervisor

Choral Director                                                                                   1997 - 2006
Pell City High School
Pell City School System
Mr. Bob McCool, Supervisor

Music Teacher                                                                                     1996 - 1997
Hal Henderson Elementary
& Houston Elementary
Talladega City School System
Dr. Dolia Patterson, Supervisor

**Publication:**

**Disssertation: Court cases about teacher insubordination by *O'Neal, Cory Shawn*, Ed.D.,**
**THE UNIVERSITY OF ALABAMA, 2013**

Dr. Dave Dagley, Advisor

**Professional Affiliations:**

Council for Leaders in Alabama Schools (CLAS)

Alabama Association of Professors of Educational Leadership (AAPEL)

National Education Association (NEA)

Alabama Education Association (AEA)

7

Pell City Education Association (PCEA)

American Choral Directors Association (ACDA)

National Association for Music Education (NAfME)

Phi Mu Alpha Music Fraternity

WorldStrides Heritage Performance Adjudicator

Member of the Alabama A & M Alumni Association

Member of the Jacksonville State University Alumni Association

Member of The University of Alabama Alumni Association

Official Judge for the Miss Alabama Pageant Circuit

**Professional Experience:**

AMSTI Training

ARI Secondary Training

Architecture of Learning Training

Bus Driver Certified

Certified to do Hearing & Vision Screenings

Discipline in the Secondary Classroom

Jacksonville State University Advisory Counsel

Pell City School System Policy Committee

Pell City School System Problem Solving Team

Served on two dissertation committees at Samford University

Served on two SACS Accrediation Teams

The University of Alabama Superintendents' Academy

**Ministerial Experience:**

Minister of Music & Administrative Assistant                      2012 - Present
Greater New Destiny Christian Church
Pell City, Alabama

Minister of Music                                                 1987 - 2012
Mt. Zion Baptist Church
Cropwell, Alabama

8

Musician                                          1988 - 1991
First Baptist Church, South
        Pell City

Exhibit II (Daily Home Newspaper Article)

# Dr. Danny Steele named new principal at Pell City High School

- Taylor Mitchell, Reporter, The Daily Home, tmitchell@dailyhome.com
- Apr 22, 2020



Dr. Danny Steele
Submitted photo

**PELL CITY** -- During its regular meeting Tuesday night, the Pell City Board of Education approved the contract for a new principal at Pell City High School.

Dr. Danny Steele, currently of the University of Montevallo, will be the new principal starting June 1.

10

Steele said he has 26 years of experience in education and previously served as principal for Thompson High School and Thompson Sixth Grade Center in Alabaster before coming to Montevallo.

Steele teaches a course in the graduate program for school administration at the university.

Steele said he sees moving back to primary education after his brief one-year stay in higher education to not be a step down in any way, but rather, just a step in a different direction.

"I was grateful for the opportunity to work for the University of Montevallo," he said.

Steele said he is looking forward to joining the team at Pell City.

"I know it's a great school system," Steele said.

The school's new principal has already expressed pride in becoming a Pell City Panther, according to Superintendent Dr. James Martin.

Martin said Steele came highly recommended. Martin said as part of the interview process, Steele met with several teachers from the high school, all of whom felt enthusiastic about him as a candidate.

Steele said he is excited about his new job.

"My job is to support the adults in the building," he said. "But, we are really there for the kids."

Steele said in light of the COVID-19 pandemic, there have been more questions at times than answers, and the schools have to keep functioning no matter the situation. He said he believes the teachers and students at Pell City have what it takes to meet the challenge.

"Teachers and students are remarkably resilient," he said. "We will continue to make the best out of the situation we have been given."

11

With the high school getting a new principal, the staffing measures that had been taken in the interim will be returning to normal, according to Martin.

In September, Williams Intermediate Principal Holly Costello was named acting principal for the high school, with Williams Assistant Principal Haley Williams becoming acting principal there. Valerie Curtis, who handles instructional technology at the high school, has been acting as assistant principal for Williams Intermediate on a part-time basis.

Martin said with a permanent principal found for the high school, all other staff will return to their normal positions, but he praised all three for their hard work.

"Everybody has truly stepped up," Martin said.

Martin praised the work Costello has done at the high school.

"Holly Costello has done a fabulous job for us," he said. "I'm very appreciative of her."

Taylor Mitchell, Daily Home reporter covering Pell City.

12